UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Metroplexcore, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-10-669 |
| | § | |
| Sallye Perrin, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Denial of Remand

1.      *Background.*

     The Metropolitan Transit Authority of Harris County solicited bids to build a passenger rail-line in Houston in 2006.  Parsons Transportation Group, Inc., looked for subcontractors to join it in a venture called the Houston Transit Solutions Team with it in bidding. Metroplexcore, LLC, is an environmental engineering company. Parsons agreed that if the bid were accepted, Metroplexcore would be hired to oversee the geo-technical and hazardous-material work for the design and development phases. Metroplexcore would be "mentored" by Veolia Transportation during the operating period of the contract "and will participate in that contract to a minimum 10% level."

     In 2007, Metro awarded the contract to the Washington Group Transit Management Company.  The Washington Group could not finish qualifying for the work, so Metro went to Parsons.  Parsons and Metro negotiated a contract to replace the Washington Group.  Parsons did not include Metroplexcore or many others from its team of subcontractors in the original bid.

     Metroplexcore sued Parsons of Illinois, a Parsons manager of Maryland, and Metro of Texas.  When Parsons removed the case, Metroplexcore moved to remand it because the parties were not all of diverse citizenship.  Metro is the only Texan among the defendants.

2.     *Bids.*

Metroplexcore has not pleaded a claim against Metro for its failure to adhere to its responsibilities under the governmental contracting regulations that are imposed by the state. It did raise that claim at the initial hearing.

Metroplexcore says that Metro wrongfully accepted a second bid from Parsons because that bid had not been produced and accepted under the regulations. It says that Metro should have re-done the whole process and qualified Parson's second team before considering the second bid.

Metroplexcore has no standing to assert a claim against Metro for that transaction. First, it was not a bidder; one must bid to be aggrieved by the auction's processes. Metroplexcore's participation was in Parsons's bid, as part of the Houston Transit Solutions Team, that was rejected by Metro. After that, Metroplexcore hoped that Parsons would include it in its second bid. Instead, Parsons presented Metro with a revised offer – one that did not include Metroplexcore – and without an auction. Metroplexcore was not injured; it had nothing to lose. In the sense that it lost the opportunity to be a subcontractor, it is in the same position as every other potential subcontractor.

Second, Metroplexcore did not appeal Metro's letting the contract to Parsons within Metro's internal processes.

Third, Metro was not obliged to investigate why Metroplexcore was not included in the second bid. Whether Metroplexcore was wrongfully excluded from the second bid is a breach of contract question between Parsons and Metroplexcore. Metro's interest in the identity of the subcontractors is for its sole benefit; it wants to be reasonably certain that the contractor has access to capable subcontractors to do the work. Had Parsons identified a lumber yard in the first bid and a different one or none in the second, the lumber yard has no complaint against Metro.

This is all addresses a claim that does not appear in Metroplexcore's complaint.

3.     *Constructive Trust.*

Metroplexcore has asked for a declaratory judgment that (a) it is a partner, subcontractor, or team-member with Parsons for a portion of the work under the

Metro-Parsons contract and (b) it is entitled to the 10% proceeds promised to it as part of the Houston Transit Solutions Team.  It says that Metro is a nominal, permissive, necessary, interested, or some other kind of party; however, the three ways that the complaint describes a role for Metro in the events generating this suit are all secondary effects to Metro of potential rulings in favor of Metroplexcore.  It mentions: (a) constructive trust, (b) lien notice, and (c) interference with Metro's ability to complete the project.

A constructive trust may not be imposed for an unliquidated contract claim.  It may not be imposed on Metro as a third-party holder of an account payable to one of the disputants.  If the claim were liquidated, Metroplexcore might be able to apply for a writ of garnishment if the facts in the suit justified one – they do not.   *See Butler, Reinhart & Morrison v. McDaniel*, 288 S.W.2d 188, 190 (Tex. Civ. App.–Dallas 1956), *Welch v. Renfro*, 42 Tex. Civ. App. 460, 461, 94 S.W. 107 (Galveston 1906).  Also, in a garnishment, Metro would be a nominal party, leaving the parties diverse. *Wise & Jackson v. Nott*, 283 S.W. 1110, 1112 (Tex. Civ. App.–Amarillo 1926).

4. *Lien.*

Metroplexcore has no lien to assert against Metro for Parsons's breach of contract to become partners.  A lien would have to be based on work done, and Metroplexcore has pleaded that it has done no work for Metro under its putative contract with Parsons.  If it had worked on a Metro project under Parsons and if Parsons had not paid it, then it might have a lien claim.  Even then, however, to fix its lien rights, Metroplexcore has merely to notify Metro of its lien; it need not join Metro to a lawsuit to perfect its lien. *See* Tex. Gov't Code Ann. § 2253.041, 2253.043 (2008).

5. *Project Damage.*

Almost any dispute between a contractor and its subcontractors and materialmen may affect the owner's project.  Fratricidal disputes among a contractor's partners or team-members may impede the work.  Defalcating officers may impede their work.  That is one reason that payment and performance bonds exist.  Those are no reason to sue the owner.  If Metroplexcore wins its suit and if Parsons falters as a

consequence, Metro may be constrained to sue Parsons. That is none of Metroplexcore's business – technically and metaphorically.

6.      *Conclusion.*

As the petition existed at the moment of removal, the Metropolitan Transit Authority of Harris County was not the object of a claim, construing the facts pleaded generously.  Because it is a fictional party, its state of residence cannot defeat jurisdiction that has been based on the defendants' residence in separate states. Whatever was Metroplexcore's tactical motivation for joining it, the joinder was wholly ungrounded in fact or law, worse than improvident.

Signed on March 29, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge